O

# United States District Court
# Central District of California

| | |
|---|---|
| GARY CURTIS, | CASE NO.: 2:18-cv-10572-ODW (PLAx) |
| Plaintiff, | **ORDER DENYING MOTION TO REMAND [11]** |
| v. | |
| SHRINERS HOSPITALS FOR CHILDREN; and DOES 1 through 20, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Gary Curtis moves to remand this action to the Superior Court of California, County of Los Angeles, based on untimely removal. (Mot. to Remand ("Mot."), ECF No. 11.) For the reasons discussed below, the Court **DENIES** Curtis's Motion to Remand.[1]

## II. FACTUAL BACKGROUND

On May 17, 2018, Curtis initiated this lawsuit against Defendant Shriners Hospitals for Children ("Shriners") in the Superior Court of California, County of Los Angeles, alleging employment discrimination, wrongful termination, and related

---

[1] After carefully considering the papers filed in connection to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

claims. (*See* Decl. of Angela S. Fontana in Supp. of Def.'s Notice of Removal ("Fontana Decl.") Ex. A-1 ("Compl."), ECF No. 1-3.) After the Superior Court sustained Shriners's demurrer, Curtis filed his First Amended Complaint ("FAC") on December 2, 2018, and Shriners subsequently answered. (*See* Opp'n to Mot. 7, ECF No. 12; Fontana Decl. Exs. A-19 ("FAC"), A-20 ("Answer"), ECF Nos. 1-21, 1-22.)

The parties engaged in substantial discovery during the state court proceedings, with Shriners propounding Form Interrogatories, Requests for Production, Special Interrogatories, and Requests for Admission ("RFA") on Curtis. (Decl. of Lawrence W. Freiman in Supp. of Mot. ¶ 4, ECF No. 11-2.) Specifically, Shriners propounded a single RFA to Curtis on June 5, 2018, requesting that Curtis admit he was seeking more than $75,000 in damages against Shriners. (Fontana Decl. ¶ 9, Ex. H ("RFA"), ECF No. 1-29.) Curtis's July 24, 2018 response to Shriners's RFA did not provide a substantive response. (Opp'n 8; Fontana Decl. ¶ 10, Ex. I ("Resp. to RFA"), ECF No. 1-30.) After Shriners met and conferred with Curtis, he subsequently supplemented his responses on November 22, 2018, admitting that he sought more than $75,000 in damages. (Fontana Decl. ¶ 11, Ex. J ("Suppl. Resp. to RFA"), ECF No. 1-31.) Based on Curtis's November 22, 2018 supplemental response to Shriners's RFAs, on December 21, 2018, Shriners removed the matter to this Court asserting diversity jurisdiction. (Notice of Removal ¶¶ 13–17, ECF No. 1.)

On February 20, 2019, Curtis moved to remand on the basis that Shriners removed too late. (*See generally* Mot.) Specifically, Curtis maintains that Shriners had notice earlier than November 22, 2018, that the amount in controversy exceeds $75,000, from either the May 17, 2018 Complaint or Curtis's July 24, 2018 discovery responses. (Mot. 2, 4, 5.) Curtis contends that Shriners's removal, filed over thirty days after obtaining such knowledge, is untimely under 28 U.S.C. § 1446(b). (Mot. 2.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### IV. DISCUSSION

Curtis does not challenge Shriners's showing of diversity jurisdiction. (*See generally* Mot.) The Court finds that Shriners has made a sufficient showing of diversity jurisdiction based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000. (*See* Notice of Removal ¶¶ 13–17.) Instead, Curtis challenges only the timeliness of Shriners's removal.

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 n.4 (9th Cir. 1995). The purpose of this time-limit is "to resolve the choice of forum at the early stages of litigation," and therefore it is strictly construed. *Id.* at 1038 (holding that § 1447(c) "requires that a defect in removal procedure be raised in the district court within 30 days after the filing of the notice of removal"). Untimely removal is a purely procedural defect. *Maniar v. F.D.I.C.*, 979 F.2d 782, 784 (9th Cir. 1992) (discussing that a plaintiff's failure to move for remand within thirty days of removal deprives a district court of the power to remand for a procedural defect); *see also In re Edward Jones Holders Litig.*, 453 F. Supp. 2d 1210,

1213 (C.D. Cal. 2006) (holding that all objections to procedural defects in the removal process were waived because the plaintiffs' motion to remand was untimely by two days).

Here, Shriners removed this action on December 21, 2018. Accordingly, Curtis must have moved to remand based on any procedural defect no later than January 21, 2019. However, Curtis moved for remand on February 20, 2019, over sixty days later. He offers no reason for his failure to timely move to remand. Curtis's email to Shriners on December 24, 2018, objecting to the removal and stating an intention to remand, is not sufficient under the statute. (*See* Decl. of Lawrence W. Freiman in Supp. of Pl.'s Reply ¶ 2, Ex. A, ECF No. 15-1). A plaintiff must actually file a motion with the Court to remand within the thirty-day time limit, which Curtis did not do. As such, Curtis's Motion comes too late. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (stating that, for defects in removal not based on subject matter jurisdiction, "there must be a motion to remand filed no later than 30 days after the filing of the removal notice").

Curtis contends that § 1447(c)'s thirty-day deadline does not limit the Court's power to consider his overdue motion. Curtis bases this argument on a Second Circuit case, *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.*, 422 F.3d 72 (2nd Cir. 2005), which is not binding on this Court. Regardless, Curtis's reliance on *Phoenix* is misplaced. The court there merely recognized a court's authority to excuse a failure to comply with electronic case filing requirements due to technical errors that resulted in a one-day delay, as opposed to the month-long delay at issue here. *Phoenix*, 422 F.3d at 76. The Second Circuit in *Phoenix* emphasized that the thirty-day deadline "is plainly mandatory." *Id*. at 75. It was not "carving out an exception to the mandatory deadline of Section 1447," nor did the district court "have authority to do so." *Id.* at 76. Therefore, Curtis's reliance on *Phoenix* is unavailing.

As Curtis's Motion is based on purely procedural defects and filed more than thirty days after Shriners's removal, the Court denies the Motion.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Curtis's Motion to Remand. (ECF No. 11.)

**IT IS SO ORDERED.**

June 19, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**